```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SUNIL P. GEORGE,

                    Plaintiff,
                                            ORDER
          -against-                         11-CV-5543(JS)(WDW)

KINGS COUNTY HOSPITAL CENTER,

                    Defendant.
----------------------------------X
APPEARANCES:
For Plaintiffs:     Sunil P. George, Pro Se
                    56 Kensington Court
                    Hempstead, NY 11550

For Defendant:      No appearance
```

SEYBERT, District Judge:

Before the Court is the Complaint of pro se plaintiff Sunil P. George ("Plaintiff") filed pursuant to the Americans with Disabilities Act of 1990 ("ADA"), as codified in 42 U.S.C. §§ 12112-12117, alleging that defendant, Kings County Hospital Center, ("Defendant" or "the Hospital") discriminated against him based on his disability. Accompanying the Complaint is an application to proceed in forma pauperis and an application for the appointment of pro bono counsel. Upon review of the declaration in support of Plaintiff's application, the Court grants Plaintiff's request to proceed in forma pauperis. However, for the reasons set forth below, the request for the appointment of pro bono counsel is denied without prejudice and the Court directs service of the Complaint by the United States Marshal Service without prepayment of the filing fees.

## THE COMPLAINT

Plaintiff alleges that the Defendant, his former employer, violated the ADA by failing to reasonably accommodate his disability. Plaintiff claims his disability is "insanity." (Compl. at ¶ 7). According to the Complaint, Plaintiff was employed as a pharmacy technician with the Defendant from May of 2001 until July 10, 2008, at which time Plaintiff resigned from his employment. Plaintiff's resignation is alleged to have occurred following a disciplinary hearing because Plaintiff stopped reporting to work due to an on-the-job hand injury on June 28, 2007. Plaintiff claims that his medical condition prevented him from working and that he was improperly denied a medical leave of absence. Plaintiff claims that in addition to the hand injury, he also suffers from depression, anger and bipolar disorder. Plaintiff alleges that after his psychiatrist sent a confidential report to the Hospital advising that Plaintiff was incapable of performing his responsibilities, Plaintiff was notified by his union representative to appear for a hearing on July 10, 2008. Plaintiff claims that although he was too sick to participate in the hearing, his father took him anyway and had Plaintiff sign a resignation letter and a stipulation of settlement. (Compl. at ¶ 8 and two pages annexed to the Complaint). Plaintiff alleges that he had no idea what he was signing at the time and that he was "totally confused" and not in the "right frame of mind" due to his

2

medical condition and the fact that he was taking Zyprexia, Depakote and Citalopram. (Id.).

Plaintiff now requests that the Settlement be declared null and void due to his "mental unsoundness," and that he be reinstated as a pharmacy technician with Defendant. (Compl. at page 6).

DISCUSSION

I. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint, filed in forma pauperis, if the complaint . . . is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory" -- that is, when it "lacks an arguable basis in law . . ., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). Because Plaintiff is proceeding pro se, his Complaint is read liberally and interpreted as raising the strongest arguments they suggest. Burgos v. Hopkins, 14 F.3d 787, 780 (2d Cir. 1994).

II. Administrative Exhaustion Under the ADA

Apart from the question of whether the Plaintiff's resignation and settlement preclude his discrimination claim, the

Court first considers the threshold question of whether his discrimination claim is timely asserted.

Under the ADA, a plaintiff must file an administrative claim with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory conduct. 42 U.S.C. § 12117(a) (adopting Title VII of the Civil Rights Act of 1964 limitations period for the ADA), §2000e-5(e)(1) ("charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred"); Valtchev v. City of New, 400 F. App'x 586, 588 (2d Cir. 2010); McGroder v. Lowe's Home Centers, Inc., No. 09-CV-1085S, 2011 WL 4498779 at *2 (W.D.N.Y. Sept. 27, 2011). The 300-day time frame acts as a statute of limitations and charges filed outside of the window are barred by the failure to file a timely charge. See McGroder, 2011 WL 4498779 at *2. The statute of limitations begins to run when each discriminatory and retaliatory act occurs. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-14 (2002).

The Second Circuit has recognized that the time limits established by Title VII are "subject to waiver, estoppel, and equitable tolling." Downey v. Runyon, 160 F.3d 139, 145 (2d Cir. 1998) (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). Equitable tolling may, in exceptional circumstances, excuse a failure to follow the filing requirements of Title VII. See Miller v. International Tel. & Tel. Corp., 755 F.2d 20, 24 (2d

Cir. 1985). However, plaintiff has the burden to show that exceptional circumstances prevented him from filing the EEOC charge in order to apply equitable tolling to the 300-day filing period. See id.; Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000). When the plaintiff fails to file a timely charge with the EEOC, a subsequent civil action is generally time-barred. See Hansen, 147 F. Supp.2d at 155 (dismissing claims of discrimination that occurred prior to 300 days before plaintiff filed EEOC charge as untimely).

Here, Plaintiff alleges that the discriminatory conduct occurred on July 28, 2008, see Complaint at 3, ¶ 5. According to Plaintiff, he filed a charge of discrimination with the NYSHR on November 16, 2009 and with the EEOC on January 6, 2010, see Compl. at ¶¶ 9-10. The EEOC dismissed Plaintiff's claims as time-barred and issued a right-to-sue letter on August 30, 2011. Similarly, the NYSDHR dismissed Plaintiff's administrative complaint as untimely on June 14, 2011. See Dismissal and Notice of Rights from the EEOC, dated August 30, 2011; Determination and Order of Dismissal for Untimeliness from the New York State Division of Human Rights ("NYSDHR"), dated June 14, 2011, both annexed to the Complaint.

Although Plaintiff's claims clearly fall outside the timely filing requirement for each agency, this deficit does not necessarily preclude adjudication of this suit here if Plaintiff

can show that he is entitled to equitable tolling. Accordingly, the Court declines to sua sponte dismiss the Complaint at this time and directs service of the Complaint without prepayment of the filing fee.

III. Application for the Appointment of Pro Bono Counsel

A party has no constitutional right to the assistance of counsel in a civil case. Leftridge v. Connecticut State Trooper Officer No. 1283, 640 F.3d 62 (2d Cir. 2011) (citation omitted). However, courts may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court has broad discretion in determining whether appointment of counsel is appropriate in a particular case. Leftridge, 640 F.3d at 68. The threshold question is "whether the litigant is able to afford or otherwise obtain counsel." Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994). Once the Court determines that the litigant cannot afford or otherwise obtain counsel, the only constraint on a court's determination to appoint counsel is that "it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)).

When deciding whether to assign counsel to an indigent civil litigant under 28 U.S.C. § 1915(e)(1) the Court must inquire as to whether there is substance to the litigant's position. Leftridge, 640 F.3d at 68 ("The court properly properly denies the

plaintiff's motion for counsel if it concludes that his chances of success are highly dubious."); see also Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001); see also Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) (holding that the district judge should first determine whether the indigent's position seems likely to be of substance). "[C]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." Carmona, 243 F.3d at 632.

If the Court finds that the plaintiff's claim is of substance, it should next consider the following factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62; see also Carmona, 243 F.3d at 632 (holding that only after an initial finding that a claim is likely one of substance should the court consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute). However, those factors are not restrictive and "[e]ach case must be decided on its

7

own facts." Hodge, 802 F.2d at 61.

Applying these standards to the present case, the Court finds that although the Plaintiff's financial status qualifies him for the appointment of pro bono counsel, given the procedural hurdles set forth above, his claim is unlikely to be of substance, and, thus, his chances of success are highly dubious. Accordingly, the Court declines to appoint pro bono counsel in this case at this time. Plaintiff may renew his request for the appointment of pro bono counsel once the case is ready for trial, if so warranted.

IV. Conclusion

For the foregoing reasons, Plaintiff's application to proceed in forma pauperis is granted and the Court orders service of the Complaint without prepayment of the filing fee. Plaintiff's application for the appointment of pro bono counsel is denied without prejudice at this time.

The Clerk of the Court is directed to forward to the United States Marshal for the Eastern District of New York copies of the Plaintiff's Summons, Complaint and this Order for service upon the Defendant without prepayment of the filing fees. Furthermore, the Clerk is directed to mail a copy of the Order to the Plaintiff. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the

purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: February 2, 2012
       Central Islip, New York