```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SUNIL P. GEORGE,

                    Plaintiff,           MEMORANDUM & ORDER
                                         11-CV-5543(JS)(WDW)
         -against-

KINGS COUNTY HOSPITAL CENTER,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Sunil P. George, pro se
                    56 Kensington Court
                    Hempstead, NY 11550

For Defendant:      James L. Hallman, Esq.
                    New York City Law Department
                    100 Church Street
                    New York, NY 10007
```

SEYBERT, District Judge:

Currently pending before the Court is pro se Plaintiff Sunil P. George's ("Plaintiff") motion for reconsideration of the Court's February 2, 2012 Order (the "February 2012 Order") and the Court's January 2, 2013 Memorandum and Order (the "January 2013 Order"). For the following reasons, Plaintiff's motion is DENIED.

BACKGROUND

I. Factual Background

The Court presumes familiarity with the facts of this case, which are detailed in the Court's January 2013 Order. Briefly, Plaintiff commenced this action on November 10, 2011

against Kings County Hospital Center ("KCHC" or "Defendant") alleging violations of his rights under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 ("ADA"). Plaintiff was employed by Defendant from approximately May 2001 until June or July 2008. (Compl. at 5.)

Plaintiff alleges that in November 2006, his primary care physician diagnosed him with depression, anger, and Bipolar disorder and recommended that Plaintiff see a psychiatrist. (Compl. at 5 and Ex. B.) Thereafter, Plaintiff began receiving treatment from a psychiatrist and thus sought a request for leave from his employment under the Family Medical Leave Act. (Compl. Ex. D.) According to Plaintiff, even though Defendant was aware that Plaintiff had sought leave, Defendant began procedures to terminate Plaintiff's employment for unauthorized absences. (Compl. Exs. E, F.)

On July 10, 2008, Plaintiff appeared before an Administrative Law Judge and signed a Stipulation of Settlement agreeing to resign from his position. (Compl. Ex. G.) However, Plaintiff alleges that this Stipulation of Settlement is "null and void" due to Plaintiff's mental condition and that Defendant should have reinstated him.

II. Procedural Background

Shortly after Plaintiff commenced this case, he moved for the appointment of counsel. On February 2, 2012, the Court

denied Plaintiff's motion, finding that given the procedural hurdles Plaintiff faced in bringing his case, particularly issues of timeliness, "his claim is unlikely to be of substance, and, thus, his chances of success are highly dubious." (February 2012 Order at 8.)

Plaintiff thus continued to litigate his case pro se and, on June 1, 2012, Defendant moved to dismiss. Plaintiff filed a comprehensive, though ultimately unsuccessful, opposition to the motion. (Pl.'s Opp. Br., Docket Entry 13.) The Court determined that Plaintiff's claims were time-barred, granted Defendant's motion to dismiss, and dismissed Plaintiff's Complaint with prejudice. Plaintiff has since filed the current motion for reconsideration.

DISCUSSION

I. Legal Standard

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. Mar. 14, 2007). A motion for reconsideration is appropriate when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to

3

repackage and relitigate arguments and issues already considered by the Court in deciding the original motion.  See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously.").  Nor is it proper to raise new arguments and issues.  See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997).  Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

II. Reconsideration Not Merited

The Court will first address Plaintiff's motion for reconsideration of the February 2012 Order before turning to Plaintiff's request to reconsider the January 2013 Order.

A. February 2012 Order

Plaintiff's motion to reconsider the February 2012 Order is, like his underlying claims, time-barred.  The Eastern District of New York's Local Civil Rules provide:

> Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original

4

> motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment.

LOCAL CIV. R. 6.3. The Court issued its Order on February 2, 2012. Plaintiff did not move for reconsideration until January 22, 2013. This far exceeds the fourteen day time limit, meriting denial of Plaintiff's motion on this basis alone.

However, even if it was not time-barred, Plaintiff's motion for reconsideration of the February 2012 Order is without merit. The Court declined appointment of counsel, with leave to renew when the case was trial ready, due to the procedural hurdles Plaintiff faced in bringing his claim. As this Court noted in the February 2012 Order, "[w]hen deciding whether to assign counsel to an indigent civil litigant under 28 U.S.C. § 1915(e)(1) the Court must inquire as to whether there is substance to the litigant's position." (February 2012 Order at 6.)

The decision whether to appoint counsel is within the Court's discretion. See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 357 (S.D.N.Y. 2003). As the January 2013 Order ultimately demonstrated, the procedural hurdles Plaintiff faced were fatal to his claims. That Plaintiff believes counsel could have presented the issues in a more articulate or persuasive manner does not merit reconsideration. See Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204-05 (2d Cir. 2003)

5

(affirming district court's decision to deny appointment of counsel because Title VII claims were not likely to be of substance); Jackson v. Portuondo, No. 01-CV-0379, 2006 WL 2639356, at *1 (N.D.N.Y. Sept. 13, 2006) ("The fact that plaintiff may be somewhat limited and/or restricted in his ability to litigate does not itself entitle plaintiff to the appointment of counsel."). Accordingly, Plaintiff's motion to reconsider the Court's February 2012 Order denying appointment of counsel is DENIED.

B. January 2013 Order

As previously noted, reconsideration is appropriate when the Court may have overlooked certain factual matters or law. See supra 3-4. Here, however, Plaintiff reiterates the same allegations that the Court considered in its January 2013 Order. For instance, Plaintiff claims that exceptional circumstances justify equitable tolling of his otherwise time-barred claims because he suffers from a variety of mental and physical disabilities, including, among other things, psychosis, bipolar mood disorder, and depression. (Mot. to Reconsider, Docket Entry 20, at 2.) However, some of these very same conditions form the basis of Plaintiff's discrimination case. The Complaint details Plaintiff's purported mental health history, which includes diagnoses of depression, anger, and

6

Bipolar disorder (Compl. at 5) and alleges that Defendant discriminated against Plaintiff based upon his disability.

Then, in the Court's January 2013 Order, the Court specifically considered whether Plaintiff's mental condition warranted equitable tolling. (January 2013 Order at 6-9.) In making this determination, the Court cited relevant case law, examined Plaintiff's previous submissions to the Equal Employment Opportunity Commission and New York State Division of Human Resources, and considered the detailed ways in which Plaintiff pursued particular legal remedies. (January 2013 Order at 7-8.) Plaintiff's current motion for reconsideration arguably bolsters his argument as to why equitable tolling would be appropriate, but it does not add any issues that the Court overlooked or that would alter the Court's conclusion. Accordingly, Plaintiff's motion for reconsideration in this respect is also DENIED. See Davidson v. Scully, 172 F. Supp. 2d 458, 463-64 (S.D.N.Y. 2001) (denying motion for reconsideration where plaintiff largely restated arguments and attempted to submit further evidence in support of his claim); Ackoff-Ortega v. Windswept Pac. Entm't Co., 130 F. Supp. 2d 440, 443 (S.D.N.Y. 2000) (noting that courts typically do not consider new evidence on a motion for reconsideration unless the court directed such submissions).

CONCLUSION

For the foregoing reasons, Plaintiff's motion to reconsider the February 2012 and January 2013 Orders is DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED:   May   17  , 2013
         Central Islip, New York